**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK GLOBAL SERVICES, INC., | ) | Case No. 14- 12471   (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK HOLDINGS, INC., | ) | Case No. 14- 12472   (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK MIDCO, INC., | ) | Case No. 14- 12473   (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK ACQUISITION, INC., | ) | Case No. 14- 12474   (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NEX-LINK USA COMMUNICATIONS, INC., | ) | Case No. 14- 12475   (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UNITEK USA, LLC, | ) Case No. 14- 12476    (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| PINNACLE WIRELESS USA, INC., | ) Case No. 14- 12477    (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| DIRECTSAT USA, LLC, | ) Case No. 14- 12478    (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| FTS USA, LLC, | ) Case No. 14- 12480    (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| ADVANCED COMMUNICATIONS USA, INC., | ) Case No. 14- 12481    (___) |
| | ) |
| Debtor. | ) |
| | ) |

2

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

UniTek Global Services, Inc., a Delaware corporation, and certain of its affiliates, the debtors and debtors in possession in the above captioned cases (the "Debtors"), hereby move (the "Motion") for entry of an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") directing joint administration of their related chapter 11 cases and granting the Debtors such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors rely upon the Declaration of Andrew J. Herning in Support of Chapter 11 Petitions and First-Day Relief (the "First Day Declaration") filed concurrently herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1.      This Court has jurisdiction over these chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue of these chapter 11 cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## GENERAL BACKGROUND

2.     On the date hereof (the "Petition Date"), each of the Debtors commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     As of the date hereof, no official committee of unsecured creditors has been appointed, and no request for appointment of a chapter 11 trustee or examiner has been made.

4.     On the Petition Date, the Debtors filed a joint prepackaged chapter 11 plan of reorganization (as it may be amended or supplemented, the "Plan")[1], which contemplates confirmation and consummation within 45 days and provides for the payment in full of all general unsecured claims in the ordinary course of business, as detailed more fully in the Plan. Prior to the Petition Date, holders of ABL Facility Claims and Term Loan Claims unanimously voted to accept the Plan.  Information regarding the Debtors' history and business operations, their capital structure, and the events leading up to the commencement of these chapter 11 cases can be found in the First Day Declaration.

## RELIEF REQUESTED

5.     By this Motion, the Debtors seek entry of an order directing joint administration of their chapter 11 cases for procedural purposes only.  Specifically, the Debtors request that the Court maintain one file, one docket and one service list for all of these chapter 11 cases under the case of UniTek Global Services, Inc., and that these chapter 11 cases be jointly administered under the following caption:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK GLOBAL SERVICES, INC., | ) | Case No. 14- 12471 (___) |
| a Delaware Corporation, *et al.*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

6.      The Debtors further request that the Court order that the foregoing caption

satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

7.      Additionally, the Debtors request that an entry be made on the docket of

each of the Debtors' chapter 11 cases, other than on the docket of the case of UniTek Global

Services, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the
> Local Rules of Bankruptcy Practice and Procedure of the United
> States Bankruptcy Court for the District of Delaware directing
> joint administration of the chapter 11 cases of: UniTek Global
> Services, Inc., UniTek Holdings, Inc., UniTek Midco, Inc., UniTek
> Acquisition, Inc., Nex-link USA Communications, Inc., UniTek
> USA, LLC, Pinnacle Wireless USA, Inc., DirectSAT USA, LLC,
> FTS USA, LLC, and Advanced Communications USA, Inc.  All
> further pleadings and other papers shall be filed in, and all further
> docket entries shall be made in, Case No. 14- 12471 (___).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: UniTek Global Services, Inc. (3445), UniTek Holdings, Inc. (4120), UniTek Midco, Inc. (5642), UniTek Acquisition, Inc. (4123), Nex-link USA Communications, Inc. (9084), UniTek USA, LLC (0279), Pinnacle Wireless USA, Inc. (1746), DirectSAT USA, LLC (3465), FTS USA, LLC (6247), Advanced Communications USA, Inc. (0091).  For the avoidance of doubt, Wirecomm Systems (2008) Inc. (FKA UniTek Canada), an affiliate of the Debtors and wholly owned subsidiary of UniTek USA, LLC, is not a Debtor in the chapter 11 cases.  The Debtors' main corporate address is 1777 Sentry Parkway West, Gwynedd Hall, Suite 302, Blue Bell, Pennsylvania 19422.

**BASIS FOR RELIEF**

8.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b)(4).  Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases, to wit:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

9.      The relief requested herein is warranted.  <u>First</u>, the Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code, and each Debtor's chapter 11 case is pending in this Court.  Thus, the conditions set forth in Bankruptcy Rule 1015(b) for joint administration of these cases are satisfied.  <u>Second</u>, the First Day Declaration supports this Motion and establishes that the joint administration of these chapter 11 cases is warranted and will ease the administrative burden for the Court and the parties in interest.  As set forth in the First Day Declaration, the Debtors are affiliates and their operations are largely interrelated or shared.  Moreover, the Debtors have filed the joint prepackaged Plan and many of the motions, hearings and orders that will arise in these chapter 11 cases will affect each and every Debtor entity.  Joint administration of these chapter 11 cases will reduce parties' fees and costs by avoiding duplicative filings and objections and will make the most efficient use

6

of the Court's valuable resources.  Joint administration also will allow the Office of the United

States Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and

efficiency.  No party in interest will be prejudiced by the joint administration of these chapter 11

cases, which would be for procedural purposes only and would not constitute a substantive

consolidation of the Debtors' estates.  Thus, the conditions set forth in Local Rule 1015-1 for

joint administration of these cases are satisfied.

### NOTICE

11.     The Debtors will provide notice of this Motion to:  (i) the Office of the

United States Trustee for the District of Delaware; (ii) holders of the thirty (30) largest unsecured

claims on a consolidated basis against the Debtors; (iii) the Term Loan Lenders; (iv) the Term

Loan Agent; (v) DirecTV; (vi) the ABL Facility Agent; (vii) the ABL Facility Consenting

Lenders; (viii) the Internal Revenue Service; (ix) the Securities and Exchange Commission; and

(x) all parties who have filed a notice of appearance and request for service of papers pursuant to

Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of

the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in

respect to this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief

requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> granting the Motion and awarding the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
       November 3, 2014

**MORGAN, LEWIS & BOCKIUS LLP**
Neil E. Herman
James O. Moore
Patrick D. Fleming
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

- and –

**MORGAN, LEWIS & BOCKIUS LLP**
Justin W. Chairman
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

- and –

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
Kenneth J. Enos (No. 4544)
Justin P. Duda (No. 5478)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 571-6600
Facsimile:     (302) 571-1253

*Proposed Co-Counsel to the Debtors*

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK GLOBAL SERVICES, INC., | ) | Case No. 14- 12471  (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK HOLDINGS, INC., | ) | Case No. 14- 12472  (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK MIDCO, INC., | ) | Case No. 14- 12473  (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK ACQUISITION, INC., | ) | Case No. 14- 12474  (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NEX-LINK USA COMMUNICATIONS, INC., | ) | Case No. 14- 12475  (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UNITEK USA, LLC, | ) Case No. 14- 12476    (___) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| _____ | ) |
| In re: | ) Chapter 11 |
| | ) |
| PINNACLE WIRELESS USA, INC., | ) Case No. 14- 12477    (___) |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | ) |
| In re: | ) Chapter 11 |
| | ) |
| DIRECTSAT USA, LLC, | ) Case No. 14- 12478    (___) |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | ) |
| In re: | ) Chapter 11 |
| | ) |
| FTS USA, LLC, | ) Case No. 14- 12480    (___) |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | ) |
| In re: | ) Chapter 11 |
| | ) |
| ADVANCED COMMUNICATIONS USA, INC., | ) Case No. 14- 12481    (___) |
| | ) |
| Debtor. | ) |
| _____ | ) |

Case 14-12471-PJW    Doc 3    Filed 11/03/14    Page 12 of 14

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon consideration of the motion (the "Motion")[1] of the above-captioned Debtors for entry of an order pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1 directing the joint administration of the Debtors' related chapter 11 cases; and upon consideration of the First Day Declaration and the entire record of these chapter 11 cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and  good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, and DECREED as follows:

1.      The Motion is GRANTED.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 14-[ 12471 ] (___).

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Motion.

3

3.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNITEK GLOBAL SERVICES, INC., | ) | Case No. 14-_12471_ (____) |
| a Delaware Corporation, *et al.*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: UniTek Global Services, Inc. (3445), UniTek Holdings, Inc. (4120), UniTek Midco, Inc. (5642), UniTek Acquisition, Inc. (4123), Nex-link USA Communications, Inc. (9084), UniTek USA, LLC (0279), Pinnacle Wireless USA, Inc. (1746), DirectSAT USA, LLC (3465), FTS USA, LLC (6247), Advanced Communications USA, Inc. (0091).  For the avoidance of doubt, Wirecomm Systems (2008) Inc. (FKA UniTek Canada), an affiliate of the Debtors and wholly owned subsidiary of UniTek USA, LLC, is not a Debtor in the chapter 11 cases.  The Debtors' main corporate address is 1777 Sentry Parkway West, Gwynedd Hall, Suite 302, Blue Bell, Pennsylvania 19422.

4.      The foregoing caption satisfies the requirements set forth in section

342(c)(1) of the Bankruptcy Code.

5.      An entry shall be made on the docket of each of the Debtors' cases, other

than that of UniTek Global Services, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the
> Local Rules of Bankruptcy Practice and Procedure of the United
> States Bankruptcy Court for the District of Delaware directing
> joint administration of the chapter 11 cases of: UniTek Global
> Services, Inc., UniTek Holdings, Inc., UniTek Midco, Inc., UniTek
> Acquisition, Inc., Nex-link USA Communications, Inc., UniTek
> USA, LLC, Pinnacle Wireless USA, Inc., DirectSAT USA, LLC,
> FTS USA, LLC, and Advanced Communications USA, Inc..  All
> further pleadings and other papers shall be filed in, and all further
> docket entries shall be made in, Case No. 14-_12471_ (___).

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy

Court for the District of Delaware shall keep, one consolidated docket, one file and one

consolidated service list.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

8.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated:  Wilmington, Delaware
            November __, 2014          _____

                                                United States Bankruptcy Judge